IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL PALMA, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-02743 |
| § | |
| HARRIS COUNTY APPRAISAL DISTRICT, § | |
| and CHRISTINE WEEMS § | |
| Defendants. § | |

### DEFENDANT CHRISTINE WEEMS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff Michael Palma filed his Second Amended Complaint (the "Complaint") [Doc. 5] on August 3, 2020 against the Harris County Appraisal District ("HCAD") and Judge Christine Weems alleging violations of his Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983. Palma claims he was subjected "to an unreasonable seizure, deprivation of life, liberty and property without due process," Doc. 5, p. 4, when HCAD and Judge Weems did not provide answers to Palma's specific questions about certain tax exemptions. Doc. 5, p. 5. Palma's claims against Judge Weems must be dismissed because:

1. Palma's Complaint *in forma pauperis* is frivolous and fails to state a claim;
2. Palma lacks standing to bring claims against Judge Weems;
3. Palma's claims are barred by Eleventh Amendment immunity;
4. Palma's claims are barred by the *Rooker-Feldman* Doctrine;
5. Palma's claims are barred by Judicial Immunity; and
6. Palma fails to state a claim upon which relief may be granted.

## I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This action, like many of Palma's other lawsuits in state and federal fora over the past decade,[1] arises out of Palma's failure or refusal to pay taxes assessed by HCAD on his property. Though Palma fails to include one, a brief overview of this dispute may be helpful.[2] Judge Weems presided over one of Palma's annual suits against HCAD. Palma claimed that his property was not taxable, or it was exempt under Section 11.01 of the Texas Property Tax Code. HCAD moved Judge Weems to reconsider an earlier denial of HCAD's motion for summary judgment. Judge Weems held a virtual hearing. Judge Weems granted HCAD's motion to reconsider and entered summary judgment for HCAD, disposing of the case.

Apparently dissatisfied with this result, Palma has sued Judge Weems and HCAD in this Court seeking an order forcing Judge Weems and/or HCAD to answer lingering questions he has concerning statutory interpretation. Doc. 5, p. 5. While he also appears to seek certification of two questions to the Texas Supreme Court as an alternative relief in the event Judge Weems and HCAD fail or refuse to comply with his demands for answers, he has not shown such certification is warranted. Certification is warranted "where federal judges are uncertain about, and indeed divided over, the proper interpretation of Texas law, concerning an issue that is likely to recur in other cases involving similar [issues]." *Zepada v. Federal Home Loan Mortgage Corporation*, 967

---

[1] *See, e.g.*, *In re Palma*, No. 01-19-00471-CV, 2019 WL 3293691 (Tex. App.—Houston [1st Dist.] July 23, 2019, no pet.) (mem. op.); *Palma v. Texas*, No. H-18-4561, 2019 WL 2524933 (S.D. Tex. April 3, 2019) (mem. op.), *adopted* 2019 WL 2524921; *Palma v. Luker*, No. H-18-0335, 2019 WL 1330332 (S.D. Tex. March 25, 2019) (mem. op.); *Palma v. Harris Cty. Appraisal Review Bd.*, No. 01-17-00705-CV, 2018 WL 3355052 (Tex. App.—Houston [1st Dist.] July 10, 2018, pet. denied) (mem. op.), *cert. denied*, 139 S. Ct. 2753 (June 24, 2019); *Palma v. Harris Cty. Appraisal Dist.*, No. 01-17-00502-CV, 2018 WL 1473792 (Tex. App.—Houston [1st Dist.] Mar. 27, 2018, pet. denied) (mem. op.).

[2] The Court may take judicial notice of all of the relevant information concerning the underlying suit, *Palma v. Harris Cty. Appraisal Dist.*, Cause No. 2019-02377 In the 281st Judicial District Court of Harris County, Texas because it is publicly available in the Harris County records, whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b)(2).

F.3d 456, 458 (5th Cir. 2020) (citation omitted). Palma has established no division among federal courts concerning his statutory interpretation questions. While the issues Palma raises here are arguably "likely to recur in other cases," those cases are almost certainly cases Palma himself will file. Nevertheless, the Court need not consider the propriety of certification in this case where dismissal is proper for lack of subject matter jurisdiction and for failure to state a claim.

## II.   MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

### A.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

### B.   ARGUMENTS & AUTHORITIES

#### 1.   Plaintiff's claims must be dismissed under 28 U.S.C. § 1915.

This civil action is subject to preliminary review under 28 U.S.C. § 1915(e)(2)(B). A district court "shall dismiss" any *in forma pauperis* action if the court determines that the complaint is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This is true even if the plaintiff paid the filing fee. *Grant v. Howell*, 235 F. App'x 326 (5th Cir. 2007) (quoting 28 U.S.C. § 1915(e)(2)(B)(i). As discussed in further detail *infra*, Palma's Complaint fails to state any claim upon which relief may be granted.

**2. Palma lacks standing in this suit against Judge Weems.**

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Standing requires plaintiff to demonstrate (1) an actual or imminent, concrete and particularized "injury-in-fact"; (2) that is fairly traceable to the challenged action of the defendant; and (3) that is likely to be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

"The case or controversy requirement of Article III of the Constitution requires a plaintiff to show that he and the defendants have adverse legal interests." *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003). "The requirement of a justiciable controversy is not satisfied where a judge acts in his adjudicatory capacity." *Id.* Because Judge Weems was acting purely in her judicial capacity, Palma has not established a case-or-controversy sufficient to confer standing.

Moreover, Palma's Complaint does not clearly identify an injury in fact, let alone allege facts from which the Court could conclude that the injury was "fairly traceable" to the conduct of Judge Weems. Further, any potential injury cannot be redressed in this litigation because Plaintiff seeks no affirmative relief that this Court can provide. Doc. 5, p. 5. Even if Palma were asking this Court to enter an order requiring a state court judge to provide one of the litigants before her with discovery and legal advice, such an order is not within the ability of this Court to provide. Palma "cannot obtain [any] requested [declaratory or injunctive] relief because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *See LaBranche v. Becnel*, 559 Fed. Appx. 290, 291 (5th Cir. 2014) (per curiam).

Plaintiff's opinion that there existed "the appearance of impropriety, bias and partiality" likewise presents no injury this Court could redress.

Because Palma has not alleged (and cannot allege) a case-or-controversy or injury-in-fact

redressable by this Court, he lacks standing and his claims against Judge Weems should be dismissed with prejudice.

### 3. Palma's official capacity claims are barred by the Eleventh Amendment.

The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or its officials, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984). "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "Suits against state officials in their official capacity [] should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Judge Weems is, by Plaintiff's own admission, a state official. Doc. 5, p. 2. Specifically, Plaintiff admits that Judge Weems is the "281st State District Court Judge." Doc. 5, p. 2. The 281st District Court of Harris County is a state court created by statute. TEX. GOV'T CODE § 24.458.

Palma's § 1983 claims are barred by Eleventh Amendment immunity. *See Howlett v. Rose*, 496 U.S. 356, 364 (1990) ("*Will* [*v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983").

Palma's claims against Judge Weems in her official capacity should therefore be dismissed with prejudice, pursuant to FED. R. CIV. P. 12(b)(1).

### 4. The *Rooker-Feldman* doctrine bars the claim.

The *Rooker-Feldman* doctrine[3] bars a federal court from entertaining collateral attacks on

---

[3] See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923) (the jurisdiction of the District Court "is strictly original"); *D. C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 482 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings").

state court judgments. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). "If the district court is confronted with issues that are 'inextricably intertwined' with a state judgment, the court is 'in essence being called upon to review the state court decision,' and the originality of the district court's jurisdiction precludes such a review." *Id.* (citing *Feldman*, 460 U.S. at 482).

Palma's claims against Judge Weems arise directly from her judicial decisions in state court proceedings. Doc. 5, p. 4. Orders entered by a judge (including Judge Weems) presiding over the 281st Court are state court orders by their very definition. *See* TEX. GOV'T CODE § 24.458. At a minimum, Palma's claims are certainly "inextricably intertwined" with state court judgments. Accordingly, this Court lacks jurisdiction to consider Palma's collateral or direct attack on state court decisions and judgments. *Shepherd*, 23 F.3d at 924. As a matter of law, Judge Weems is entitled to dismissal of Plaintiff's with prejudice.

### III.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

#### A.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While courts must accept all factual allegations as true, they "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679.

### B. ARGUMENTS & AUTHORITIES

#### 1. Judge Weems is entitled to judicial immunity.

"The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Hicks v. Bexar Cty., Tex.*, 973 F.Supp. 653, 667-72 (W.D. Tex. 1997), citing *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir. 1990). This immunity is so pervasive that it bars suit for claims far more significant than the allegations raised in this litigation, applying even when a judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Although Palma has not identified any actions injurious to him which are alleged to have been taken by Judge Weems, the only possible actions would have been Judge Weems' presiding over the state court case, which is plainly the exercise of a judicial function. Even the allegation of a judge choosing not to enter an order (Doc. 5, p. 4) is a judicial function. Because Judge Weems is entitled to judicial immunity, Palma's claims should be dismissed.

#### 2. Palma fails to state a claim for which relief may be granted.

Palma has not stated a claim against Judge Weems for which relief may be granted. At best, Palma's allegations are purely conclusory and inadequate "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. "[C[onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Palma's Complaint is insufficient to meet Federal Rule of Civil Procedure 8(a)'s requirements, and even if it did equitable relief is unavailable to Palma.

##### A. Palma's Complaint does not satisfy Rule 8(a).

A claim for relief is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a),

the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).

In this litigation it is entirely unclear what Palma's true complaints are. There are no clear allegations to entitle Palma to any relief, or even identify when any actions allegedly took place, to comply with any limitations period. Palma alleges no specific facts from which this Court could infer liability for Judge Weems under any legal theory.

### B. Equitable relief is unavailable.

Plaintiff seeks injunctive relief. Doc. 5, p. 5. Injunctive relief is not available as a matter of law. Palma "cannot obtain [any] requested [declaratory or injunctive] relief because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *See LaBranche*, 559 Fed.Appx. at 291.

Further, Palma brings his claim under 42 U.S.C. § 1983. Doc. 5, p. 4. That statute, in pertinent part, reads:

> except that in any action brought *against a judicial officer* for an act or omission taken in such officer's judicial capacity, *injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable*.

42 U.S.C. § 1983 (emphasis added). Palma has not alleged that a decree was violated or alleged facts to suggest that declaratory relief was unavailable.

Courts frequently dismiss lawsuits like this one as "frivolous," and this Court should do the same. *See, e.g., Machetta v. Moren*, 726 Fed.Appx. 219, 221 (5th Cir. 2018); *Hunter v. Price*, No. A-15-CV-405-LY, 2015 WL 2454118, at *3 (W.D. Tex. May 21, 2015) ("Hunter's complaint should be dismissed with prejudice as frivolous and Hunter should be denied any further relief").

### IV. CONCLUSION

Defendant Judge Christine Weems respectfully requests this Court dismiss Plaintiff's

claims in their entirety for failure to state a claim and for lack of subject matter jurisdiction. The claims in this litigation are frivolous, Palma lacks standing, numerous jurisdiction barriers prohibit Palma's suit, and Palma has failed to state a claim on which relief may be granted.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Defense Litigation

THOMAS A. ALBRIGHT
Division Chief - General Litigation

*/s/ Tanya Robinson*
TANYA ROBINSON
Attorney-in-Charge
State Bar No. 24095822
Southern District ID 3533187
Assistant Attorney General
GENERAL LITIGATION DIVISION
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-936-1162
Fax: 512-320-0667
tanya.robinson@oag.texas.gov

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

    I certify that on September 9, 2020 the foregoing document was filed via the Court's CM/ECF system, causing electronic service upon all counsel of record.

                                            */s/ Tanya Robinson*
                                            TANYA ROBINSON
                                            Assistant Attorney General