IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL PALMA, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-02743 |
| § | |
| HARRIS COUNTY APPRAISAL DISTRICT, § | |
| and CHRISTINE WEEMS § | |
|     Defendants. § | |

**DEFENDANT CHRISTINE WEEMS'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Judge Christine Weems hereby files this Reply in Support of her Motion to Dismiss ("Motion," Doc. 9). This Reply will address only those portions of Palma's Response (Doc. 10) that are related to the arguments in the Motion. Judge Weems disputes the new allegations in the Response and does not waive her right to respond to or move to dismiss them if and when they are properly raised. However, the plaintiff may not add new facts in response to a motion to dismiss. *Powell v. Dallas Morning News LP*, 610 F. Supp.2d 569, 682 (N.D. Tex. 2009) ("The Court does not condone Plaintiffs' 'moving target' approach to the Complaint in which it includes new facts and allegations in a response to a motion to dismiss."); *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n. 9 (3d Cir. 2002) (noting that a plaintiff "should not be able [to] effectively

amend a complaint through any document short of an amended complaint"); 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."); *cf. Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court).

1. **Palma's Complaint *in forma pauperis* is frivolous and fails to state a claim.**

The Response asserts first that there is nothing frivolous in the *in forma pauperis* Complaint. Doc. 10 p. 2. However, dismissal is appropriate if the Court determines any one of the following: (1) the Complaint is frivolous or malicious[1] because Palma uses the Complaint as a device for harassing the Court to obtain legal advice; (2) the Complaint fails to state a claim upon which relief can be granted, *see* Doc. 9 pp. 6-9; or (3) the Complaint seeks monetary relief against a defendant who is immune from such relief, as it unquestionably does as against Judge Weems. *See* 28 U.S.C. § 1915(e)(2)(B).

2. **Palma lacks standing to bring claims against Judge Weems.**

Palma claims he has standing because he seeks relief Judge Weems *could have* granted—that is, he claims Judge Weems could have given him legal advice and therefore had an affirmative duty to do so, as "only the Texas Judiciary can render these interpretations." Doc. 10 p. 3. Even if that were sufficient to confer standing in Judge Weems's court for Palma's underlying suit, this contention is wholly insufficient to confer Article III standing. Palma has not alleged an injury in

---

[1] Palma pleads that he intends to bring a lawsuit like this repeatedly in an effort to coerce the state or federal district courts or HCAD to personally provide him with a definition of a legal term: "So yes, this is going to be an annual occurrence until these questions are answered. Thus far no Appraisal Review Board member, Harris County Appraisal District, state district court judge, state appellate court judge, or the state comptroller will answer these." Doc. 10 p. 7.

fact that is traceable to Judge Weems. Judge Weems did not cause Palma to pay his ad velorem taxes without jurisdiction and could not "have addressed this injury at any point in time" as he alleges. Doc. 10 p. 3 (emphasis removed). Even if she had that power, there is no justiciable controversy where Judge Weems acted in her adjudicatory capacity. *See Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003). Palma alleges no facts to establish that Judge Weems ever stepped out of that capacity.

3. **Palma's claims are barred by Eleventh Amendment immunity.**

Palma claims that Judge Weems is a proper *Ex Parte Young* defendant to overcome Eleventh Amendment immunity because she "stepped out of [her] lawful role[] by failing to provide any counterarguments" to Palma's assertions that his property is exempt from taxation as it violates his constitutional right to life, liberty, and the pursuit of happiness; and that ad velorem taxes are only properly levied where a person is both domiciled and does business in Texas. Doc. 10 p. 1. But Judge Weems's alleged failure to engage in legal philosophical discourse with Palma far from renders her actions an "ongoing violation of federal law" characteristic of the *Ex Parte Young* doctrine. *See K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013); *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Moreover, to the extent Palma's claim is based on an allegation that Judge Weems violated a law of the State of Texas, the doctrine is "inapplicable in a suit against state officials on the basis of state law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

4. **Palma's claims are barred by the *Rooker-Feldman* Doctrine.**

Palma claims *Rooker-Feldman* does not apply because he is not asking this Court for "reconsideration of any ruling by the defendant judge." Doc. 10 p. 3. However, Palma follows up with, "In this instance the defendant judge made a ruling and plaintiff had the right to ask for the

items in a Findings of Fact and Conclusions of Law as these were never answered by the appraisal district [] or the judge, the exact same things plaintiff is asking for in this case." Doc. 10 p. 3. Even if Palma were correct that he "had the right to ask for the items in a Findings of Fact and Conclusions of Law," which he didn't, asking this Court to order Judge Weems to comply with Palma's demands at the state district court level falls squarely in line with *Rooker-Feldman's* prohibition on reviewing Judge Weems's state court decision. *See United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).

### 5. Palma's claims are barred by Judicial Immunity.

Palma claims judicial immunity is inapplicable because Judge Weems did not perform her "ministerial duty" of providing Palma with a "legal interpretation" "so any common man knows how or how not to challenge the Districts actions . . . and to be secure in due process." Doc. 10 pp. 5-6. But Palma's assertion "that a list of property that is 'exempt as required' is fixed and should be a designated fact" does not establish a ministerial duty. Doc. 10 p. 6.

Because it directly implicates the independence and integrity of the judiciary, a judge's absolute judicial immunity is overcome in only two narrow circumstances. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction" as narrowly defined in the context of judicial immunity. *Id.* at 12; *see also Davis v. Tarrant Cnty. Tex.*, 565 F.3d 214, 221 (5th Cir. 2009); *Williams v. Sepe*, 487 F.2d 913, 913–14 (5th Cir. 1973).

Palma's allegations are insufficient to overcome judicial immunity. First, Palma does not allege that Judge Weems took any actions outside of her capacity as a judge. *See Mireles*, 502 U.S.

at 11. Second, Judge Weems took no actions "in the complete absence of all jurisdiction" to do so, nor does Palma allege as much. *See id.* at 12. Because the Fifth Circuit broadly construes judicial actions in favor of immunity, Palma has not overcome that high hurdle to maintain this action. *See Ballard*, 413 F.3d at 515.

### 6. Palma fails to state a claim upon which relief may be granted.

Finally, Palma's argument that he has not failed to state a claim upon which relief may be granted is unavailing. Palma relies upon broad principles of constitutionality stated as rhetorical questions, requiring the Court to assume that there have been constitutional violations properly pleaded and attributable to any defendant's actions. Doc. 10, p. 6. This does not establish the "facial plausibility" required to state a claim; rather, these are the type of "conclusory allegations, unwarranted factual inferences, or legal conclusions" that typify the insufficiently-stated claim. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### CONCLUSION

Defendant Judge Christine Weems respectfully requests this Court dismiss Plaintiff's claims in their entirety for failure to state a claim and for lack of subject matter jurisdiction. The claims in this litigation are frivolous, Palma lacks standing, numerous jurisdiction barriers prohibit Palma's suit, and Palma has failed to state a claim on which relief may be granted.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RYAN L. BANGERT

        Deputy First Assistant Attorney General

        DARREN L. MCCARTY
        Deputy Attorney General for Defense Litigation

        THOMAS A. ALBRIGHT
        Division Chief - General Litigation

        */s/ Tanya Robinson*
        TANYA ROBINSON
        Attorney-in-Charge
        State Bar No. 24095822
        Southern District ID 3533187
        Assistant Attorney General
        GENERAL LITIGATION DIVISION
        OFFICE OF THE ATTORNEY GENERAL
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        Phone: 512-936-1162
        Fax: 512-320-0667
        tanya.robinson@oag.texas.gov

        ***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

    I certify that on October 22, 2020 the foregoing document was filed via the Court's CM/ECF system, causing electronic service upon all counsel of record.

        */s/ Tanya Robinson*
        TANYA ROBINSON
        Assistant Attorney General